Carroll,
No. 5238.

L. WINSTON HAMM, *Adm'r*

*v.*

RENA E. PIPER, *Individually and as Ex'x & a.*

Submitted May 6, 1964.
Decided June 2, 1964.

*Kalled, Ganem & Cox* (by brief), for the plaintiff.

*Eliot U. Wyman* (by brief), for the defendants.

DUNCAN, J.   This is a bill in equity by the administrator of the estate of Ethel B. Piper against the executrix of the will of her deceased husband E. Perley Piper, alleging that certain conveyances made by Perley to his daughters by a former marriage were made for the purpose of defrauding Ethel of her lawful rights and share in his estate, and seeking to have the conveyance set aside, and one third of the value decreed to Ethel's estate as her statutory share under RSA 560:11 or to have partition of the property under RSA 538:1.   Hearing by the Court (*Morris*, J.).   At the close of the plaintiff's evidence, the defendants' motion to dismiss was granted subject to exception, and the case was reserved and transferred by the Presiding Justice upon the exceptions taken by the plaintiff in the course of the hearing.

The pleadings and the plaintiff's evidence tended to establish the following facts:   The decedents were married in 1943, and following their marriage lived in Ossipee on premises belonging to Ethel or her family.   Perley later removed to property in Wolfeboro owned by him, and thereafter in 1951 conveyed the Wolfeboro premises to his daughters, one of whom is the defendant executrix.   The defendants' answer alleged that the conveyance was made in consideration of the daughters' agreement to support the father for the remainder of his life.   The only evidence with respect to consideration was the recital in the deed that the consideration was "less than one hundred ($100) dollars."

The deed from Perley to his daughters, which was executed

under date of January 23, 1951, appears to have been drafted in the expectation that it would be signed by his wife Ethel, since it contained a release of dower by her, and bore two seals. As executed however, the deed bore the signature "Ezra P. Piper" opposite the first seal, and "E. Perley Piper" opposite the second seal. Each signature was witnessed by a separate witness, neither of whom was the justice of the peace who executed the acknowledgment clause. The latter clause purported to evidence acknowledgment by "the above named E. Perley Piper and Ethel B. Piper." At the hearing, the justice who executed the acknowledgment testified that Mrs. Piper did not appear before her. She offered the explanation "that Mrs. Piper could have gone before another justice of the peace," and testified that another deed had later been acknowledged before her, to correct the error in the first acknowledgment.

The later deed, which was also received in evidence, was signed and acknowledged by "E. Perley Piper" under date of August 17, 1954, and stated that it was "given to correct acknowledgment on" the prior deed.

In March 1956, Perley was ordered by the Superior Court to furnish separate support to his wife. He died on July 17, 1958. Thereafter Ethel waived her dower right and the provisions of his will in her favor, in order to take her statutory share of his real estate. RSA 560:11. Ethel died on August 21, 1962, and this bill in equity was filed by her administrator in December of the same year.

It has long been settled law in this jurisdiction that a husband may not legally convey away his property for the purpose of depriving his wife of her statutory rights in his estate at his decease. *Ibey* v. *Ibey*, 93 N. H. 434; *Ibey* v. *Ibey*, 94 N. H. 425; *Evans* v. *Evans*, 78 N. H. 352; *Cook* v. *Lee*, 72 N. H. 569; *Walker* v. *Walker*, 66 N. H. 390. See also, Annots. 49 A.L.R. 2d 521, 531; 64 A.L.R. 466. However, marriage "does not debar a man from all right to dispose of his property during his life according to his will and pleasure" (*Walker* v. *Walker, supra*, 395) and there is "no legal obligation on a husband to act reasonably to preserve and build up his estate for the benefit of the expectant interest of his wife." *Ibey* v. *Ibey*, 93 N. H. *supra*, 436. In cases such as this, the issue of fraudulent intent is primarily one of fact, to be determined in the light of the surrounding circumstances, including the pecuniary circumstances of the parties when the conveyance is made,

the consideration received therefor if any, the relationship of the parties to the transaction, and other relevant facts. See *Walker* v. *Walker, supra; Ibey* v. *Ibey,* 94 N. H. 425, *supra,* 427, 428.

In the case before us the plaintiff rested without offering evidence of the nature or extent of the estate of E. Perley Piper, either at the time of the conveyance sought to be set aside, or at the time of his decease. The defendants moved to dismiss upon the ground that Ethel's dower interest was not conveyed by Perley, but was voluntarily waived by her in the probate proceedings, and that she suffered no damage from his conduct. In opposing the motion the plaintiff argued that the deed itself was sufficient evidence of Perley's intent "to defraud his wife of her rights in that property," because of the manner in which it was executed and the form of the acknowledgment.

So far as Ethel's inchoate right of dower is concerned, it is plain that she did not release it by the deed of January 1951, and that it thereafter constituted an encumbrance upon the title conveyed. *Swanson* v. *Priest,* 95 N. H. 64, 67; *Russ* v. *Perry,* 49 N. H. 547. Since Perley was not seized of the property at at his death, Ethel's right of dower never became consummate. RSA 560:3. See I American Law of Property, *ss.* 5.31, 5.32, 5.43; 2 Thompson, Real Property (Perm. *ed.*) *s.* 897, *p.* 619.

We think that a finding could be reasonably made from the plaintiff's evidence that the purpose of the conveyance was to deprive Ethel of her dower right. There was evidence that the consideration for the conveyance was "less than one hundred ($100) dollars," and that the property had a value of $8,000. When the motion to dismiss was granted, no evidence had been received of any agreement by the defendants to support Perley, as alleged by their answer. In the light of the plaintiff's evidence that Ethel and Perley had separated, and that Perley continued to occupy the premises after the conveyance, a finding that the conveyance was made for the purpose of defeating Ethel's right of dower was permissible upon the record. See 17A Am. Jur. 352, 353, Dower, *s.* 83. It follows that the action was erroneously dismissed for failure to establish a prima facie case. See 2 Tiffany, Real Property (3d *ed.*), *s.* 533, *p.* 422. However, as to any claim that the conveyance was made for the fraudulent purpose of defeating Ethel's rights under RSA 560:10 and 11, the motion was properly granted. While the conveyance operated to prevent Ethel from taking at Perley's

death any share in the property conveyed away, the evidence fell short of warranting a finding that she was for that reason defrauded of her statutory rights under the last cited sections. There was no evidence of the provisions of Perley's will in Ethel's favor, which she waived in order to take her statutory share; and as previously stated the nature or extent of Perley's estate, either at death, or at the time the conveyance to the defendants did not appear from the evidence. The conveyance was not a fraud upon Ethel merely because the property conveyed was thereby taken out of his estate before his death. See *Walker* v. *Walker*, 66 N. H. 390, *supra*. As was pointed out in *Ibey* v. *Ibey*, *supra*, fraud "will not be implied from doubtful circumstances which only awaken suspicion." *Ibey* v. *Ibey*, 93 N. H., *supra*, 436.

Since the plaintiff was entitled to have the evidence relating to Ethel's right of dower considered on the merits, his exception is sustained.

*Exception sustained.*

All concurred.